## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CRUCES NORTE, LLC

    **Plaintiff,**

vs.               Cause No.

FIREMAN'S FUND INSURANCE
COMPANY,

    **Defendant.**

### DEFENDANT'S NOTICE OF REMOVAL

   Defendant Fireman's Fund Insurance Company (hereinafter "FFIC"), by and through counsel, Modrall, Sperling, Roehl, Harris & Sisk (Jennifer G. Anderson and Kimberly S. Knox), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of this action from the Third Judicial District Court of the State of New Mexico, County of Dona Ana to the United States District Court for the District of New Mexico. As stated below, this Court has subject matter jurisdiction over this action because diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). In support of this removal, FFIC states as follows:

   1.  On June 23, 2017, Plaintiffs filed a Complaint for Negligence, Breach of Insurance Contract, Violation of the Unfair Trade Practices Act, and Bad Faith Actions against FFIC in the Third Judicial District, County of Dona Ana, State of New Mexico titled *Cruces Norte, LLC v. Fireman's Fund Insurance Company,* and assigned case number D-307-CV-2017-01802. A true and correct copy of the Complaint, as well as all other documents filed in the Third Judicial District Court, is attached hereto as **Exhibit A**.

   2.  FFIC received service of the Complaint on July 24, 2017.

3.     Removal of this action is timely pursuant to 28 U.S.C. § 1441 and § 1446(b) as it is filed within 30 days after service of the Complaint.

**The Procedural Requirements For Removal Have Been Satisfied**

4.     The United States District Court for the District of New Mexico is the Federal Judicial District encompassing the Third Judicial District Court for Dona Ana County, New Mexico, where this lawsuit was originally filed.  Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

5.     Copies of the Complaint, Summons, and all other pleadings filed in the Third Judicial District Court are attached hereto as **Exhibit A**.

6.     A copy of this Notice of Removal is being served on counsel for Plaintiff and filed with the Clerk of the Third Judicial District Court for Dona Ana County, New Mexico, as provided by 28 U.S.C. § 1446(d).

7.     Consent of all defendants who have been served is required to properly effectuate removal.  *See* 28 U.S.C. §1446(b)(2)(A) (providing that "all defendants who have been properly joined and served must join in or consent to the removal of the action").  The only defendant named in this case is Fireman's Fund Insurance Company.  The consent of another defendant is therefore unnecessary for removal.

8.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

9.     Under the applicable provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b) and other applicable statutes, with which FFIC has complied, this cause of action is removable to the United States District Court for the District of New Mexico.

## This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332

### Complete Diversity of Citizenship Exists

10.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides for original jurisdiction over lawsuits where there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000); *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).

11.     Upon information and belief, Plaintiff is, and was at the time this suit was filed, a citizen of the State of New Mexico.  **Exhibit A**, Complaint ¶ 1.

12.     FFIC is, and was at the time Plaintiff commenced this action, an insurance group headquartered in the State of Missouri.  The principal place of business for FFIC is also located in the State of Missouri.  Accordingly, FFIC is not a citizen of the State of New Mexico for diversity purposes.

13.     Thus, there is complete diversity of citizenship between Plaintiff and Defendant as required by 28 U.S.C. § 1332.

### The Amount in Controversy Exceeds $75,000

14.     To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

15.     Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying matter. *See, e.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).  A defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *See Graham v. Troncoso,* 2015 U.S.

Dist. LEXIS 46606, *18 (D.N.M. Mar. 30, 2015) (Browning, J.) citing *Dart Cherokee Basin Operating Co. v. Owen,* 135 S.Ct. 547, 554 (2014).

16.     Here, Plaintiffs claim that its damages exceed $2,522,555.32.  Complaint, ¶ 13. Plaintiffs assert claims for breach of contract, *Id.*, ¶¶ 1-24; unfair insurance claim practices, *Id.*, ¶¶ 25-30; bad faith, *Id.*, ¶¶ 31-45; negligence, *Id.*, ¶¶ 46-49; and waiver and estoppel, *Id.*, ¶¶ 50-51.[1]  Plaintiffs further claim that the damages they have incurred include (1) actual damages, (2) consequential damages, (3) incidental damages, (4) property damages, (5) attorneys' fees, and (6) punitive damages.

17.     Based on these claims, FFIC has made a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Graham*, *18 citing *Dart Cherokee* at 554.  In the event Plaintiff or the Court question the plausibility of the amount in controversy, FFIC will submit outside evidence for the Court's consideration.   "The district court should consider outside evidence and find by a preponderance of the evidence whether the amount in controversy is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegations." *Id.*

18.     While FFIC disputes Plaintiffs' claims raised in their Complaint, amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied, and this case is appropriate for removal.

---

[1] It is unclear if "waiver and estoppel" is being alleged as the basis of a cause of action.  Out of an abundance of caution and candor, Defendant has included it in the causes of action section of the instant document to permit the Court a full review of the circumstances and the merits of Defendant's determination that this matter is removable to federal court.

## Conclusion

19.     FFIC has satisfied all requirements for removal and reserves the right to amend this Notice of Removal.  If any questions of the propriety of this removal should arise, FFIC requests the opportunity to present a brief and argument in support of this removal.

WHEREFORE, Defendant Fireman's Fund Insurance Company respectfully requests that this Court assume full jurisdiction over the action as provided by law.

Respectfully submitted:

MODRALL, SPERLING, ROEHL,
 HARRIS & SISK, P.A.


By: _/s/ Jennifer G. Anderson_____
        Jennifer G. Anderson
        Kimberly N. Knox
        *Attorneys for Fireman's Fund Insurance Company*
        P. O. Box 2168
        Albuquerque, NM 87103-2168
        (505) 848-1800
        Fax (505) 848-9170

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of August, 2017 I filed the foregoing document through the CM/ECF system causing all parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing as well as via e-mail as follows:

Jonathan L.R. Baez
Martinez & Martinez Law Firm, PLLC
State Bar No. 148953
730 E. Yandell Dr.
El Paso, TX 79902
Tel: (915) 541-1000
jonathan@martinezlawyers.com
*Attorney for Plaintiff*

MODRALL, SPERLING, ROEHL,
 HARRIS & SISK, P.A.

By: */s/ Jennifer G. Anderson*
     Jennifer G. Anderson

Y:\dox\client\32800\0299\DRAFTS\W2997391.DOCX

6